NOT DESIGNATED FOR PUBLICATION

No. 114,795

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSEPH L. RAMSEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed November 23, 2016. Affirmed.

*Sam Shirer*, of Kansas Appellate Defender Office, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., STANDRIDGE, J., and HEBERT, S.J.

*Per Curiam*:  Joseph L. Ramsey appeals from an order of the district court granting the State's motion to correct an illegal sentence, which increased his postrelease supervision from a term of 36 months to lifetime postrelease supervision. We find no error and affirm the district court judgment.

*Factual and Procedural Background*

On September 8, 2009, Ramsey was convicted pursuant to a plea agreement of two counts of on-grid aggravated indecent liberties with a child and one count of criminal

sodomy. The offenses were alleged to have occurred between January 28, 2007, and December 31, 2008. Ramsey was sentenced to a controlling prison term of 100 months, with 36 months' postrelease supervision.

In May 2015, the State filed a motion to correct an illegal sentence, contending that the 36 month postrelease supervision term was illegal and that Ramsey should have been sentenced to lifetime postrelease supervision as mandated by K.S.A. 22-3717 (d)(1)(G). At the hearing on the State's motion, Ramsey contended that imposition of lifetime postrelease supervision would constitute cruel and unusual punishment.

The district court granted the State's motion and corrected Ramsey's sentence by imposing lifetime postrelease supervision. Ramsey timely appealed.

*Application of K.S.A. 22-3717(d)(1)(G)*

On appeal, Ramsey now contends that the lifetime postrelease supervision is an illegal sentence. He argues that K.S.A. 22-3717 was amended in 2013 and that the amended statute applies to his pending case. He contends that, as a result of the amendments, K.S.A. 2015 Supp. 22-3717(d)(1)(D) and K.S.A. 22-3717(d)(1)(G) are in direct conflict. He argues that under the rule of lenity, his postrelease supervision term should have been maintained at 36 months under K.S.A. 2015 Supp. 22-3717(d)(1)(D) rather than increased to lifetime under K.S.A. 22-3717(d)(1)(G).

It is first noted that by raising and relying solely on this statutory interpretation argument, Ramsey abandons his trial court contentions that lifetime postrelease supervision constitutes cruel and unusual punishment. An issue not briefed by the appellant is deemed waived and abandoned. *State v. Williams,* 303 Kan. 750, 758, 328 P.3d 1065 (2016).

A challenge to an illegal sentence may be raised for the first time on appeal. *State v. Fisher*, 304 Kan. 242, 263-64, 373 P.3d 781 (2016). Interpretation of a sentencing statute is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). Whether a sentence is illegal under the meaning of K.S.A. 22-3504 is also a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

Ramsey's statutory arguments were recently considered and rejected by this court in *State v. Herrmann*, No. 114,887, 53 Kan. App. 2d ___, ___ P.3d ___ (filed November 18, 2016). In *Herrmann*, this court determined that K.S.A. 22-3717(d)(1)(D) only applies to persons convicted of a sexually violent crime committed after July 1, 1993, but before July 1, 2006. 53 Kan. App. 2d ___, Syl. ¶ 5. The court further held that the 2013 amendments to K.S.A. 22-3717(d)(1)(D) do not alter the requirement in K.S.A. 22-3717(d)(1)(G) that a person convicted of a sexually violent crime committed after July 1, 2006, receive mandatory lifetime postrelease supervision. *Herrmann*, 53 Kan. App. 2d ___, Syl. ¶ 4. The court's analysis and reasoning set forth in *Herrmann* are also dispositive of Ramsey's case.

On the dates between which Ramsey's crimes were committed, K.S.A. 22-3717(d)(1)(G) required a sentence of lifetime postrelease supervision upon conviction for the sexually violent crimes of aggravated indecent liberties with a child and criminal sodomy. Thus, the district court did not err in granting the State's motion to correct Ramsey's illegal sentence of 36 months' postrelease supervision by imposing the required lifetime term.

Affirmed.