NOT DESIGNATED FOR PUBLICATION

No. 115,041

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JARRON LEROY HILL,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed November 23, 2016. Affirmed.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Jennifer S. Tatum*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MALONE, C.J., STANDRIDGE, J., and HEBERT, S.J.


*Per Curiam*:  Jarron Leroy Hill appeals from an order of the district court granting the State's motion to correct an illegal sentence, which increased his postrelease supervision from a term of 36 months to lifetime postrelease supervision. We find no error and affirm the district court judgment.

1

*Factual and Procedural Background*

On October 16, 2009, Hill was charged with one count of aggravated indecent liberties with a child, a level 3 person felony. The crime was alleged to have occurred in 2007. Hill agreed to enter a plea of guilty in exchange for the State's agreement to recommend a downward departure sentence to 70 months in prison. The district court accepted the plea on March 12, 2010, and on April 30, 2010, imposed a controlling prison term of 70 months to be followed by 36 months' postrelease supervision.

On June 10, 2015, the State filed a motion to correct an illegal sentence, arguing that since Hill had been convicted of a sexually violent crime, K.S.A. 22-3717(d)(1)(G) mandated lifetime postrelease supervision; thus Hill's 36-month postrelease supervision term did not conform to the statute and was illegal. Hill opposed the motion, arguing that resentencing to lifetime postrelease supervision would violate his due process rights by violating his plea agreement. Following a hearing, the district court granted the State's motion and corrected Hill's sentence by imposing lifetime postrelease supervision. Hill timely appealed.

*Application of K.S.A. 22-3717(d)(1)(G)*

On appeal, Hill now contends that the lifetime postrelease supervision is an illegal sentence. He argues that K.S.A. 22-3717 was amended in 2013 and that the amended statute applies to his pending case. He contends that as a result of the amendment, K.S.A. 2015 Supp. 22-3717(d)(1)(D) and K.S.A. 22-3717(d)(1)(G) are in direct conflict. He argues that under the rule of lenity, his postrelease supervision term should have been maintained at 36 months under K.S.A. 2015 Supp. 22-3717(d)(1)(D) rather than increased to lifetime under K.S.A. 22-3717(d)(1)(G).

It is first noted that by raising and relying solely on this statutory interpretation argument, Hill abandons his trial court contentions that imposition of lifetime postrelease would violate due process by violating his plea agreement. An issue not briefed by the appellant is deemed waived or abandoned. *State v. Williams,* 303 Kan. 750, 758, 368 P.3d 1065 (2016).

A challenge to an illegal sentence may be raised for the first time on appeal. *State v. Fisher*, 304 Kan. 242, 263-64, 373 P.3d 781 (2016). Interpretation of a sentencing statute is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). Whether a sentence is illegal under the meaning of K.S.A. 22-3504 is also a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

Hill's statutory arguments were recently considered and rejected by this court in *State v. Herrmann*, No. 114,887, 53 Kan. App. 2d ___, ___ P.3d ___ (filed November 18, 2016). In *Herrmann*, this court determined that K.S.A. 22-3717(d)(1)(D) only applies to persons convicted of a sexually violent crime committed after July 1, 1993, but before July 1, 2006. 53 Kan. App. 2d ___, Syl. ¶ 5. The court further held that the 2013 amendments to K.S.A. 22-3717(d)(1)(D) do not alter the requirement in K.S.A. 22-3717(d)(1)(G) that a person convicted of a sexually violent crime committed after July 1, 2006, receive mandatory lifetime postrelease supervision. *Herrmann*, 53 Kan. App. 2d ___, Syl. ¶ 4. The court's analysis and reasoning set forth in Herrmann are also dispositive of Hill's case.

On the date on which Hill's crime was committed, K.S.A. 22-3717(d)(1)(G) required a sentence to lifetime postrelease supervision upon conviction for the sexually violent crime of aggravated indecent liberties with a child. Thus, the district court did not err in granting the State's motion to correct Hill's illegal sentence of 36 months' postrelease supervision by imposing the required lifetime postrelease supervision term.

3

Affirmed.