No. 115,457

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KURT POWELL,
*Appellant*.

SYLLABUS BY THE COURT

1.

Appellate courts apply the abuse of discretion standard in reviewing a district court's sentencing order. A court abuses its discretion if its decision is based on an error of law or fact or if no reasonable person could agree with its decision.

2.

Under Jessica's Law, 2016 Supp. 21-6627(a), and with limited exceptions, a sentencing court must sentence a defendant who is 18 years or older and convicted of aggravated indecent liberties with a child to life in prison with no possibility of parole for 25 years. The court has the discretion to impose a shorter sentence only if it "finds substantial and compelling reasons, following a review of mitigating circumstances." K.S.A. 2016 Supp. 21-6627(d)(1).

3.

In evaluating a defendant's motion to depart from a Jessica's Law sentence, the sentencing court must follow the protocol set forth in *State v. Jolly*, 301 Kan. 313, Syl. ¶ 5, 342 P.3d 935 (2015), first by reviewing the mitigating circumstances without any attempt to weigh them against any aggravating circumstances, and then by considering the facts of the case to determine whether the mitigating circumstances constitute

1

substantial and compelling reasons to depart from an otherwise mandatory Jessica's Law sentence.

4.

Jessica's Law, K.S.A. 2016 Supp. 21-6627, makes no provision for the weighing of aggravating circumstances against the mitigating circumstances to determine if a departure should be imposed. Nevertheless, the sentencing court can consider the manner in which the defendant committed the crime for which a sentence is being imposed and the circumstances inherent in that crime.

5.

Failure to follow the statutory method for considering a departure from a Jessica's Law sentence is an error of law and constitutes an abuse of discretion.

6.

When the record is ambiguous as to whether the sentencing court weighed aggravating circumstances against mitigating circumstances in considering a motion to depart from a Jessica's Law sentence, the sentence should be vacated and the case remanded for resentencing.

7.

Whether a sentence is illegal because the sentence imposed exceeded the sentencing court's jurisdiction is a question of law over which an appellate court has unlimited review.

8.

A sentence of imprisonment combined with a no-contact order, which is generally a condition of probation, is an illegal sentence that must be vacated because it exceeds the sentencing court's authority under K.S.A. 2016 Supp. 21-6604(a).

2

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed March 17, 2017. Sentence vacated and case remanded with directions.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., MALONE, J., and STUTZMAN, S.J.

MCANANY, J.:  Pursuant to a plea agreement with the State, Kurt Powell pled guilty to aggravated indecent liberties with his daughter, a child under the age of 14. The crime carries a presumptive sentence of life imprisonment with no possibility of parole for 25 years. In turn, the State agreed to dismiss two additional charges and agreed that Powell was free to seek a departure from the presumptive hard 25 prison sentence.

Powell moved for a downward durational departure from the presumptive sentence to a shorter prison sentence of 29 1/2 months. He based his motion on the following claimed mitigating factors:  (1) his lack of a criminal history; (2) the availability of rehabilitation programs and his willingness to participate in them; (3) his work history and supportive family; and (4) his truthfulness with police during the course of the investigation.

The district court took up Powell's motion at the sentencing hearing. Dr. Robert Barnett, a psychologist, testified that after conducting a clinical interview and mental health examination of Powell, it was his opinion that Powell did not suffer from any major mental health or substance abuse disorders; that Powell had the capacity to understand and learn from the consequences of his actions; and that Powell would be a good candidate for a departure sentence based on his work history, family support, lack

of substance abuse, and lack of criminal history. Barnett stated: "I'm not quite sure how he could be a better candidate."

Powell presented the testimony of a friend from church who testified that he perceived Powell as a man "wanting help and wanting to change." In addressing the court, Powell stated that he was "deeply sorry for the pain and suffering that my actions have caused" and accepted complete responsibility, noting this cooperation throughout the legal process.

In opposing Powell's departure motion, the State presented Powell's 25-year-old stepdaughter who testified extensively about the frequent sexual abuse she had suffered at the hands of Powell years before. She testified that the abuse continued from about age 3 until well into her teenage years. She testified that Powell continued to make sexual comments to her even after she reached adulthood. In her opinion, Powell would probably reoffend in the future.

After having reviewed the letters written in support of Powell and having considered the evidence presented at the hearing, and after expressing the court's understanding of the mitigating factors that Powell was relying on, the court concluded there were no substantial and compelling reasons to depart from the Jessica's Law hard 25 sentence. The court sentenced Powell to life imprisonment with no chance of parole for 25 years. Powell was also ordered to have no contact with his daughter, the victim in this case, or his stepdaughter who testified at the hearing.

Powell appeals his sentence, arguing that the district court abused its discretion when the court denied his departure motion after considering both mitigating and aggravating factors. He also argues that the district court lacked the authority to enter a no-contact order as part of his sentence.

We apply the abuse of discretion standard in our review of the district court's sentencing order. *State v. Randolph*, 297 Kan. 320, 336, 301 P.3d 300 (2013). A court abuses its discretion if its decision is based on an error of law or fact or if no reasonable person could agree with its decision. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

*Consideration of Aggravating Factors and Mitigating Factors*

Under Jessica's Law, and with limited exceptions, the sentencing court must sentence a defendant who is 18 years or older and convicted of aggravated indecent liberties with a child to life in prison with no possibility of parole for 25 years. See K.S.A. 2016 Supp. 21-6627(a). The court has the discretion to impose a shorter sentence only if it "finds substantial and compelling reasons, following a review of mitigating circumstances." K.S.A. 2016 Supp. 21-6627(d)(1). The statute lists six nonexclusive mitigating factors for departure. K.S.A. 2016 Supp. 21-6627(d)(2).

In *State v. Jolly*, 301 Kan. 313, Syl. ¶ 5, 342 P.3d 935 (2015), our Supreme Court clarified the two-step process a sentencing court must apply in evaluating a defendant's motion for departure:

> "The proper statutory method when considering a departure from a Jessica's Law sentence is for the sentencing court first to review the mitigating circumstances without any attempt to weigh them against any aggravating circumstances. Then, in considering the facts of the case, the court determines whether the mitigating circumstances rise to the level of substantial and compelling reasons to depart from the otherwise mandatory sentence."

Jessica's Law, K.S.A. 2016 Supp. 21-6627, "makes no provision for the weighing of aggravating circumstances against the mitigating circumstances to determine if a departure should be imposed." 301 Kan. at 321. Nevertheless, the sentencing court can

consider the manner in which the defendant committed the crime for which a sentence is being imposed and the circumstances inherent in that crime. See *State v. McCormick*, 305 Kan. 43, 50-51, 378 P.3d 543 (2016).

Powell provided several claimed mitigating factors to support his departure motion. In opposition, the State presented evidence of Powell's earlier sexual abuse of his stepdaughter. The stepdaughter's testimony was not related to the manner in which Powell later sexually abused his daughter, the crime for which he now was facing sentencing, or the circumstances inherent in his current crime. Her testimony was presented solely as an aggravating factor intended to offset the mitigating factors Powell presented.

We express no opinion as to whether Powell's claimed mitigating factors constituted substantial and compelling reasons for the court to depart from a Jessica's Law sentence. But in deciding the matter, the district court stated that it had reviewed and considered all of the sentencing information it had been given, which included the testimony at the sentencing hearing regarding Powell's claimed mitigating factors and the State's aggravating factor testimony from Powell's stepdaughter. Further, the court gave no indication that in doing so it was following *Jolly* by not weighing the State's evidence of an aggravating factor against Powell's claimed mitigating factors. The court merely stated that it had considered all of the information presented.

In *State v. Pulley*, No. 112,631, 2015 WL 5750477 (Kan. App. 2015) (unpublished opinion), this court considered whether the sentencing court followed the two-step directive in *Jolly* in a Jessica's Law case. The court held that when the record is ambiguous as to whether the sentencing court weighed any aggravating circumstances against the mitigating circumstances, the sentence should be vacated and the case remanded for resentencing. 2015 WL 5750477, at *5. Failure to follow the statutory method for considering a departure from a Jessica's Law case is an error of law and

constitutes an abuse of discretion. 2015 WL 5750477, at *6. See *State v. Sullivan*, No. 114,369, 2016 WL 4413563, at *3 (Kan. App. 2016) (unpublished opinion) (vacating Jessica's Law sentence and remanding for resentencing when the sentencing court made a "generalized consideration" of all factors and did not specifically indicate that it followed the process set out in *Jolly*).

Under these circumstances, and because we cannot definitively determine from the record whether the sentencing court considered Powell's claimed mitigating circumstances without weighing them against the State's aggravating circumstances, we find it necessary to vacate Powell's sentence and remand for resentencing and for reconsideration of Powell's departure motion and, in reconsidering Powell's motion, to demonstrate compliance with *Jolly*.

*No-Contact Order*

Powell also argues that the sentencing court imposed an illegal sentence when it ordered Powell not to have contact with his daughter or stepdaughter. Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which we exercise unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 414 (2016).

One of the bases for finding that a sentence is illegal is that the sentence imposed exceeded the court's jurisdiction. See *State v. Plotner*, 290 Kan. 774, 781, 235 P.3d 417 (2010). In *Plotner*, our Supreme Court held that a sentence of imprisonment combined with a no-contact order, which is generally a condition of probation, is an illegal sentence because it exceeds the sentencing court's authority under K.S.A. 21-4603d(a) (now K.S.A. 2016 Supp. 21-6604). 290 Kan. at 782. See also *State v. Alcala*, 301 Kan. 832, 835, 348 P.3d 570 (2015) (no-contact order is a probation condition that could not be properly imposed in conjunction with prison sentence). The State concedes that the sentencing court did not have the authority to impose a no-contact order as a condition of

Powell's prison sentence. Thus, the district court's no-contact order is vacated.

Sentence vacated and remanded with directions.

* * *

MALONE, J., dissenting:  I respectfully dissent from the majority's conclusion that we must vacate Kurt Powell's sentence and remand for reconsideration of his departure motion in compliance with *State v. Jolly*, 301 Kan. 313, 342 P.3d 935 (2015). Here, the district court properly considered all the evidence presented at the departure hearing and sentenced Powell in accordance with the provisions of K.S.A. 2016 Supp. 21-6627.

I will begin by briefly reviewing the pertinent facts. Powell pled guilty to aggravated indecent liberties with his daughter, a child under the age of 14. He filed a motion for a downward durational departure from his presumptive sentence under Jessica's Law. Powell based his motion on the following claimed mitigating factors:  (1) his lack of criminal history; (2) the availability of rehabilitation programs and his willingness to participate in them; (3) his work history and supportive family; and (4) his truthfulness with police during the course of the investigation.

The sentencing court conducted an evidentiary hearing on the motion. Dr. Robert Barnett, a psychologist, testified on Powell's behalf. After conducting a clinical interview and mental health examination of Powell, Barnett found that he did not suffer from any major mental health or substance abuse disorders. Barnett opined that Powell is "not a compulsive child molester" and that the "odds are long" that he would likely reoffend. Barnett concluded that Powell would be a good candidate for a departure sentence and emphasized the point by stating:  "I'm not quite sure how he could be a better candidate." On cross-examination, Barnett admitted that he was unaware that Powell had also once

8

molested his stepdaughter—a fact that Powell had admitted to law enforcement as part of the investigation of his case.

The State then called Powell's stepdaughter, 25-year-old M.L., in order to rebut Barnett's opinion testimony. M.L. testified that she was 3 years old when her mother married Powell. She testified that she had no memory of the first time that she was inappropriately touched by Powell because the abuse "was just always there." M.L. described the sexual abuse as "[e]verything inappropriate, touching breasts, vagina, there was attempted intercourse, there was—I was made to touch his penis, put it in my mouth." M.L. testified that when she was 12 years old, she told her best friend about the abuse. A short time later, M.L.'s mother asked her whether she had been inappropriately touched. M.L. confirmed the abuse, and her mother asked her not to tell anyone else because she could not support the family on her own.

M.L. testified that the abuse stopped when she was 12 years old because she learned about molestation and told Powell to stop. Even then, M.L. stated that Powell would still come to her room and attempt to abuse her. M.L. moved out of the home when she was 16 years old. Significantly, M.L. testified that Powell continued to make sexual comments to her even after she reached adulthood.

M.L. testified that she was worried about the potential for abuse of the victim in this case—Powell's biological daughter. M.L. said she thought she was Powell's victim because she was his stepdaughter rather than his biological daughter, and she could not comprehend that someone would abuse their own child. M.L. testified that she believed Powell would reoffend in the future. She stated: "It happened to me every night. It wasn't every once in awhile. It was every night. That's what I had to look forward to. And then, of course, then it happened again with my sister, his own—his own daughter."

9

After hearing the evidence and arguments of counsel, the district court ruled from the bench on Powell's departure motion. The judge's comments were relatively brief. The judge first reviewed the mitigating factors set forth in Powell's departure motion. The judge noted that he could only depart from the presumptive sentence upon finding substantial and compelling reasons to do so. The judge then provided caselaw definitions of the terms "substantial" and "compelling." The judge concluded by stating: "After considering all of the information presented today, the Court cannot find substantial and compelling reasons to depart from the presumptive sentence." The district court sentenced Powell to life imprisonment with no chance of parole for 25 years.

Under Jessica's Law, the presumptive sentence for a defendant who is 18 years or older and convicted of aggravated indecent liberties with a child under 14 years of age is life in prison with no possibility of parole for 25 years. K.S.A. 2016 Supp. 21-6627(a)(1)(C). The district court must impose the presumptive sentence "unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." K.S.A. 2016 Supp. 21-6627(d)(1).

In *Jolly*, our Supreme Court determined that K.S.A. 2016 Supp. 21-6627(d)(1) "makes no provision for the weighing of aggravating circumstances against the mitigating circumstances to determine if a departure should be imposed." 301 Kan. at 321. Accordingly, the court disapproved of any language in prior caselaw "that would indicate aggravating circumstances can be weighed against mitigating circumstances when considering a departure in a Jessica's Law sentencing." 301 Kan. at 322.

The *Jolly* court further stated that even though the statute does not allow a weighing of aggravating factors against mitigating factors, "the district court is not restricted to considering only the mitigating circumstances of the case." 301 Kan. at 323. The court specifically stated that the "sentencing judge is to consider information that reasonably might bear on the proper sentence for a particular defendant, given the crime

10

committed, including the manner or way in which an offender carried out the crime. This includes those 'circumstances inherent in the crime and the prescribed sentence.'" 301 Kan. at 324. The court concluded by stating:

> "[T]he proper statutory method when considering a departure from a Jessica's Law sentence is for the sentencing court first to review the mitigating circumstances without any attempt to weigh them against any aggravating circumstances. Then, in considering the facts of the case, the court determines whether the mitigating circumstances rise to the level of substantial and compelling reasons to depart from the otherwise mandatory sentence. Finally, if substantial and compelling reasons are found for a departure to a sentence within the appropriate sentencing gridlines, the district court must state on the record those substantial and compelling reasons." 301 Kan. at 324.

In *State v. McCormick*, 305 Kan. 43, 50-51, 378 P.3d 543 (2016), a four-justice majority of our Supreme Court reaffirmed the holding in *Jolly* that a judge may not weigh aggravating circumstances against mitigating circumstances in deciding a departure motion under Jessica's Law. The court again acknowledged that the sentencing judge is to consider information that reasonably might bear on the proper sentence for a particular defendant, including the manner in which an offender carried out the crime and the circumstances inherent in the crime. 305 Kan. at 50. However, the court clarified that the "manner in which a crime is committed and the circumstances inherent in the crime are not inevitably limited to the strict legal elements of the offense." 305 Kan. at 50. Because the sentencing judge in *McCormick* had explicitly referred to some of the evidence as an "'aggravating factor'" and had indicated that it weighed the evidence against the mitigating evidence presented by the defendant, the court concluded that it was compelled to remand the case for resentencing in compliance with the holding in *Jolly*. 305 Kan. at 50-51.

Justice Stegall, joined by two other justices, dissented in *McCormick*. The dissent criticized the *Jolly* decision for expanding on the plain language of K.S.A. 2012 Supp.

11

21-6627(d)(1) by interpreting that language as a command that the sentencing court must conduct a review of the mitigating circumstances without balancing them against the aggravating circumstances. 305 Kan. at 51-52. Specifically, the dissent stated:

> "The plain, unambiguous language of K.S.A. 2012 Supp. 21-6627(d)(1) merely tells the district court judge to determine whether substantial and compelling reasons exist to grant a downward departure after reviewing the mitigating circumstances. It does not command a weighing of aggravating and mitigating factors—but neither does it prohibit such a weighing. This court has read that 'command' into the law with no textual support in the statutory scheme." 305 Kan. at 52.

Returning to our facts, Powell filed a departure motion and asserted several mitigating factors, including the availability of rehabilitation efforts and his willingness to participate in those reformative measures. To support his motion, Powell presented Barnett's opinion testimony that Powell was not a compulsive child molester and the odds of his reoffending were long. Barnett opined that "I'm not quite sure how [Powell] could be a better candidate [for departure]." On cross-examination, Barnett admitted that he was unaware that Powell had also admitted to molesting his stepdaughter.

In order to rebut Barnett's opinion testimony that Powell was not a compulsive child molester, and to challenge the weight the district court should give to that testimony, the State called Powell's stepdaughter, M.L., who testified about her real-life experiences when she resided in Powell's home. M.L. testified that Powell repeatedly sexually abused her for several years when she was a child. M.L. also testified that Powell continued to make sexual comments to her even after she reached adulthood. M.L. testified that she was worried about the potential for abuse of the victim in this case, Powell's daughter, and that she believed from her experience that it was likely that Powell would reoffend in the future. M.L.'s testimony painted a substantially different picture of Powell than had been presented to the court in Barnett's opinion testimony.

12

Was the State not entitled to rebut the evidence that Powell had presented at the hearing to support his departure motion? Of course, it was. And if the State was allowed to present rebuttal evidence, was the district court not allowed to consider the evidence in deciding the motion? Of course, it was. In ruling on Powell's departure motion, the district court expressly recited the mitigating factors set forth in the motion. The district court did not refer to the State's rebuttal evidence as "aggravating circumstances"; in fact, the district court never used this term at the hearing. The district court never stated that it had weighed aggravating circumstances against mitigating circumstances in denying Powell's motion. Instead, the district court merely stated that "[a]fter considering all of the information presented" at the hearing, it was unable to find substantial and compelling reasons to depart from the presumed sentence.

I agree with Justice Stegall's criticism of *Jolly* in his dissent in *McCormick*. As Justice Stegall stated, the plain, unambiguous language of K.S.A. 2016 Supp. 21-6627(d)(1) merely tells the district judge to determine whether substantial and compelling reasons exist to grant a downward departure after reviewing the mitigating circumstances. It does not command a weighing of aggravating and mitigating factors, but neither does it prohibit such a weighing. The *Jolly* court has read a "command" into the law prohibiting sentencing courts from considering aggravating circumstances in deciding departure motions in Jessica's Law cases with no textual support in the statutory scheme.

K.S.A. 2016 Supp. 21-6627(d)(1) states that the district court must impose the presumptive sentence in a Jessica's Law case "unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." The *Jolly* court *added* a word to the statute so that it is now interpreted to read that the presumptive sentence must be imposed in a Jessica's Law case "unless the judge finds substantial and compelling reasons, following a review of *only* mitigating circumstances, to impose a departure." (Emphasis added.)

13

Our Supreme Court was correct in *State v. Spencer*, 291 Kan. 796, 809, 248 P.3d 256 (2011), when it pointed out that there is no reason for the departure provisions under Jessica's Law to refer to aggravating circumstances because there is no way for the court to *increase* the presumptive sentence of life imprisonment. A sentencing court can only depart downward. But the fact that K.S.A. 2016 Supp. 21-6627(d)(1) contains no express provision for aggravating circumstances does not compel us to interpret the statute—as the majority does—to mean that courts can only hear and consider mitigating evidence from the defendant that supports a departure motion without also hearing and considering conflicting evidence from the State that detracts from it.

The court's language in *Jolly* has caused confusion on how district courts are to conduct departure hearings under Jessica's Law. The court's directive in *Jolly* for sentencing courts not to weigh aggravating circumstances against mitigating circumstances is difficult to follow in real-life cases. Powell's case provides a good example. Is the State allowed to present evidence at the departure hearing to rebut the defendant's evidence? If so, must the evidence presented by the State be limited strictly to the manner in which the defendant carried out the crime? How is the district court to consider the evidence presented by both parties in deciding the departure motion? In almost every hearing under the criminal code, parties are allowed to present conflicting evidence so the court will have all the relevant information to make an informed decision. Are we saying that departure hearings under Jessica's Law do not work this way?

The *Jolly* decision holds that a district court is not allowed to weigh aggravating circumstances against mitigating circumstances in deciding a departure motion. 301 Kan. at 322. That sounds simple enough. However, the *Jolly* court goes on to say that "the district court is not restricted to considering only the mitigating circumstances of the case." 301 Kan. at 323. Specifically, the *Jolly* court recognizes that the "sentencing judge is to consider information that reasonably might bear on the proper sentence for a particular defendant, given the crime committed, including [but not limited to] the

14

manner or way in which an offender carried out the crime." 301 Kan. at 324. It is significant to note that—contrary to what the majority concludes—the *Jolly* court did not limit the information that a sentencing court may consider to the manner in which the defendant committed the crime or the circumstances inherent in the crime. Such evidence is simply an example of the information a court may consider that reasonably might bear on the proper sentence for a particular defendant. As the court clarified in *McCormick*, the "manner in which a crime is committed and the circumstances inherent in the crime are not inevitably limited to the strict legal elements of the offense." 305 Kan. at 50.

Returning to the case at hand, was not M.L.'s testimony about the sexual abuse she received from Powell "information that reasonably might bear on the proper sentence" for Powell? Of course, it was. Powell presented evidence that he was not a compulsive child molester and that he was an ideal candidate for a departure sentence. The State had the right to rebut that evidence, and the district court was allowed to consider all the evidence in making its decision. This procedure was consistent with the court's directive in *Jolly* for sentencing courts to consider "the facts of the case [to determine] whether the mitigating circumstances rise to the level of substantial and compelling reasons to depart from the otherwise mandatory sentence." 301 Kan. at 324.

Here, the district court heard the evidence presented by Powell to support his departure motion and the State's proper evidence in rebuttal. In ruling on the motion, the district court first reviewed the mitigating circumstances without any expressed attempt to weigh them against any aggravating circumstances. Then, after considering the evidence and the facts of the case, the district court determined that the mitigating circumstances asserted by Powell did not rise to the level of substantial and compelling reasons to depart from the mandatory sentence. See *Jolly*, 301 Kan. at 324. Thus, the district court complied with K.S.A. 2016 Supp. 21-6627(d)(1) and the directives of the *Jolly* decision in sentencing Powell. There is no reason to vacate the sentence.

15

Our Supreme Court in *Jolly* recognized that "a judge does not sentence in a vacuum." 301 Kan. at 324. Under the sentencing scheme approved by the court in *Jolly*, a sentencing court is allowed "to consider information that reasonably might bear on the proper sentence for a particular defendant" in deciding a departure motion under Jessica's Law. 301 Kan. at 324. However, the sentencing judge must be careful not to label the State's evidence as "aggravating circumstances." Moreover, the sentencing judge must be careful to avoid the mistake the district court made in *McCormick* by expressly stating that it weighed aggravating factors against mitigating factors in deciding the departure motion. Such form over substance makes no sense to me.

To sum up, although I believe the analysis in *Jolly* is confusing and flawed, I would find that the sentencing court in Powell's case complied with the directives of that decision. The sentencing court considered information that reasonably might bear on the proper sentence for Powell in deciding the departure motion. The sentencing court never expressly weighed aggravating circumstances against mitigating circumstances. Instead, the sentencing court merely stated that it had considered all of the information presented at the hearing and was unable to find substantial and compelling reasons to depart from the presumed sentence. The district court sentenced Powell in accordance with the provisions of K.S.A. 2016 Supp. 21-6627(d)(1), and there is no need for this court to vacate the sentence. If our Supreme Court reviews this case, it must take the opportunity to further clarify how sentencing courts should conduct hearings on departure motions under Jessica's Law, what evidence can be presented by the State at such hearings, and how sentencing courts should consider the evidence in ruling on such motions.