NOT DESIGNATED FOR PUBLICATION

No. 116,523

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JARROD HARRIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS M. SUTHERLAND, judge. Opinion filed May 12, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

*Per Curiam*: Jarrod S. Harris appeals the district court's denial of his two separate motions to correct illegal sentence. We granted Harris' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed a response and requested that the district court's judgment be affirmed.

On October 9, 2015, Harris pled no contest to two counts of aggravated burglary in Johnson County case number 14CR992. On November 13, 2015, the district court imposed a downward durational departure sentence of 108 months' imprisonment, pursuant to the plea agreement. The district court stated that the sentence would "run consecutive to any other case where the special rule applies." The journal entry of

1

judgment only specified that the sentence in case number 14CR992 would run consecutive to Harris' sentence in Johnson County case number 11CR144.

On April 27, 2016, Harris filed a pro se motion to correct illegal sentence in Johnson County case number 14CR992 stating that at the time he was sentenced in that case, he was serving sentences for other cases in Johnson County and Franklin County in addition to Johnson County case number 11CR144. Harris argued that because the journal entry in case number 14CR992 only specified that his sentence in that case shall run consecutive to the sentence in Johnson County case number 11CR144, the sentence must run concurrent with his sentences in all other cases.

On July 8, 2016, Harris filed a second pro se motion to correct illegal sentence in Johnson County case number 14CR992 arguing that his criminal history score was incorrectly calculated in that case. Harris argued that because his crime in Johnson County case number 13CR2029 occurred after his crimes were committed in case number 14CR992, the conviction in case number 13CR2029 should not have been included as part of his criminal history in determining his sentence in case number 14CR992.

Following a hearing on July 15, 2016, the district court denied both motions. Regarding Harris' first motion, the court found it had not been silent as to whether the sentences were to run consecutive or concurrent, based on its order regarding application of the special rules. The district court specifically found that Harris committed his crimes in Johnson County case number 14CR992 while he was released on felony bond in Franklin County case numbers 12CR326 and 13CR85. Thus, the district court concluded that Harris' sentence in Johnson County case number 14CR992 shall run consecutive to his sentences in the Franklin County cases. Regarding the second motion, the district court concluded that Harris' criminal history score was properly calculated in Johnson County case number 14CR992 based on the dates of his prior convictions, rather than the dates the prior crimes were committed. Harris timely appealed.

On appeal, Harris claims the district court erred in denying his motions to correct illegal sentence. Specifically, Harris argues that his sentence in Johnson County case number 14CR992 "should run concurrent to his sentences in [Franklin County] case number 12-CR-326 and 13-CR-85." He also argues that "his criminal history score was incorrectly calculated" in Johnson County case number 14CR992. The State responds that the district court correctly denied both motions to correct illegal sentence.

Interpretation of a sentencing statute is a question of law, and the standard of review is unlimited. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). Moreover, whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

Harris renews his argument that his sentence in Johnson County case number 14CR992 should run concurrent with his sentences in Franklin County case numbers 12CR326 and 13CR85. We note that the court files of the Franklin County cases are not included in the record on appeal. However, at the hearing on July 15, 2016, the district court specifically found that Harris committed his crimes in Johnson County case number 14CR992 while he was released on felony bond in Franklin County case numbers 12CR326 and 13CR85. Harris does not challenge this finding on appeal.

Harris acknowledges that pursuant to K.S.A. 2016 Supp. 21-6604(f)(4), if a new crime is committed while on felony bond, the court may impose the new sentence consecutive to prior sentences. Harris also acknowledges that pursuant to K.S.A. 2016 Supp. 21-6606(d), a person sentenced for a crime committed while on felony bond "shall serve the sentence consecutively to the term or terms under which the person was released." Based on these statutes, the district court did not err in ordering that Harris' sentence in Johnson County case number 14CR992 shall run consecutive to his sentences in Franklin County case numbers 12CR326 and 13CR85.

Harris also renews his argument that his criminal history score was incorrectly calculated in Johnson County case number 14CR992. He maintains that the date the crimes were committed in this case "preceded the date of the commission of the crime in [Johnson County] case number 13-CR-[2]029" and that fact should control his criminal history score because, according to Harris, a defendant is sentenced by the law in place on the date a crime is committed. However, Harris acknowledges that K.S.A. 2016 Supp. 21-6810(a) requires that the calculation of a defendant's criminal history score is to be based on the defendant's prior convictions and the statute defines a "prior conviction" as "any conviction . . . which occurred prior to sentencing in the current case regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case." Although Harris committed his crimes in Johnson County case number 14CR992 prior to the date of the commission of his crime in Johnson County case number 13CR2029, Harris was convicted in 13CR2029 before he was sentenced in 14CR992. Pursuant to K.S.A. 2016 Supp. 21-6810(a), the district court did not err by including the conviction in case number 13CR2029 as part of Harris' criminal history score in determining his sentence in case number 14CR992.

Affirmed.