NOT DESIGNATED FOR PUBLICATION

No. 118,799

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTWAN STEELE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; RYAN W. ROSAUER, judge. Opinion filed November 2, 2018. Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Michelle L. Brown*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., ATCHESON and POWELL, JJ.

PER CURIAM: Defendant Antwan Steele filed a motion to correct an illegal sentence in the Geary County District Court on the grounds that the controlling prison term of 615 months he received for crimes he committed as a 17-year-old amounts to constitutionally cruel and unusual punishment. A jury convicted Steele of multiple crimes arising from two home invasions in which he threatened the female residents with a deadly weapon and sexually assaulted them.

1

Steele committed the crimes in 1997, and he was convicted a year later. He filed this motion under K.S.A. 22-3504 in 2017—his second challenge to the sentences being illegal. In this motion, Steele contends the sentences violate the Eighth Amendment to the United States Constitution and § 9 of the Kansas Constitution Bill of Rights. The district court denied the motion, and Steele has appealed.

The State contends Steele's current motion should be barred by preclusion principles because he failed to raise this issue in his first motion to correct an illegal sentence. Alternatively, the State says Steele's challenge is improper because a motion under K.S.A. 2017 Supp. 22-3504 cannot rest on purported constitutional violations. We consider only the alternative argument, since it is dispositive. The Kansas Supreme Court has repeatedly held that a statutory motion to correct an illegal sentence cannot raise constitutional claims as a means of attacking the sentence. *State v. Reese*, 306 Kan. 279, Syl. ¶ 1, 393 P.3d 599 (2017) ("The definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision, and a defendant may not file a motion to correct an illegal sentence based on constitutional challenges to his or her sentence."); *State v. Lee*, 304 Kan. 416, 417-18, 372 P.3d 415 (2016). The district court correctly denied Steele's motion for that reason.

Affirmed.