NOT DESIGNATED FOR PUBLICATION

No. 119,427

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERTO A. HERRERA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed May 24, 2019. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Laura L. Miser*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., BRUNS, J., and BURGESS, S.J.

PER CURIAM: Roberto A. Herrera claims he has been sentenced illegally because the court misused his prior domestic battery convictions to elevate his criminal history score to a B. He relies on a statute that says prior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level, elevate the classification from misdemeanor to felony, or are elements of the present crime of conviction. Because he was convicted of two drug crimes, we hold the statute he cites does not apply to Herrera's case.

*This case focuses on a sentencing issue.*

Herrera pled no contest to one count of distribution of methamphetamine within 1,000 feet of a school and one count of possession of methamphetamine with the intent to distribute within 1,000 feet of a school. Both crimes are drug felonies. A presentence investigation report showed Herrera's criminal history score was B.

Herrera's criminal history included:
- felony domestic battery, third conviction in five years;
- two person misdemeanor counts of domestic battery; and
- two person misdemeanor counts of battery.

The domestic battery charges and one of the battery charges were aggregated to a person felony for criminal history purposes.

At his sentencing, Herrera argued the court was impermissibly "double-dipping" by using the two misdemeanor domestic battery charges twice. They had already been used to elevate the third domestic battery to a felony, together with another person misdemeanor to create a person felony. In his view, they, by operation of the statute, could not be used for his criminal history score.

The court disagreed and sentenced Herrera to 122 months in prison, the guideline sentence for a defendant with a criminal history score of B.

*We find no sentencing error.*

Herrera argues the sentencing court erred in calculating his criminal history because his misdemeanor domestic battery convictions were used to enhance a third

2

domestic battery to a felony and then aggregated the three person misdemeanors to another person felony.

Whether a sentence is illegal is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). A court may correct an illegal sentence at any time. K.S.A. 2018 Supp. 22-3504(1). A defendant may challenge a sentence even for the first time on appeal. *State v. Fisher*, 304 Kan. 242, 263-64, 373 P.3d 781 (2016).

Felony sentences on the drug grid are determined based on the severity of the crime of conviction and the defendant's criminal history. A defendant with two prior person felony convictions has a criminal history score of B. K.S.A. 2018 Supp. 21-6805(a).

Under the Kansas Sentencing Guidelines Act, every three prior adult convictions of class A and class B person misdemeanors in the offender's criminal history, or any combination thereof, shall be rated as one adult conviction of a person felony for criminal history purposes. This is commonly referred to as aggregation. See K.S.A. 2018 Supp. 21-6811(a). Generally, domestic battery is a person misdemeanor. K.S.A. 2018 Supp. 21-5414(c)(1)(A), (B). But if the defendant is convicted of a third domestic battery within five years, the domestic battery is a person felony. K.S.A. 2018 Supp. 21-5414(c)(1)(C).

There are, however, limits on the use of prior convictions. The Sentencing Guidelines Act provides in K.S.A. 2018 Supp. 21-6810(d)(10) that prior convictions of any crime *shall not* be counted in determining the criminal history category if they enhance the severity level, elevate the classification from misdemeanor to felony, or are elements of the present crime of conviction.

3

Using this passage, Herrera argues K.S.A. 2018 Supp. 21-6810(d)(10) precludes the district court from using his misdemeanor domestic battery convictions to combine three person misdemeanors into a person felony because the misdemeanor domestic battery convictions were already used to "elevate the classification from misdemeanor to felony" in his felony domestic battery conviction.

With this argument, our question becomes whether the phrase "of the present crime of conviction" applies to all three alternatives in K.S.A. 2018 Supp. 21-6810(d)(10) or if it only applies to "are elements."

Prior cases have addressed this issue. A panel of this court has held the phrase "of the present crime of conviction" applies to each portion of K.S.A. 2018 Supp. 21-6810(d)(10). See *State v. Fowler*, 55 Kan. App. 2d 92, 408 P.3d 119 (2017), *rev. granted* 308 Kan. 1597 (2018). Fowler was convicted of felony domestic battery and felony possession of methamphetamine. Fowler's primary crime of conviction was possession of methamphetamine. Fowler's criminal history score was calculated as B based on six aggregated person misdemeanors, including two misdemeanor domestic battery convictions. The two misdemeanor domestic battery convictions were also used to charge the current domestic battery as a felony. Fowler argued the charges could not also be used to aggregate with a third person misdemeanor to elevate his criminal history score.

The *Fowler* court held that K.S.A. 2015 Supp. 21-6810(d)(9) "only prohibits the use of a prior conviction in calculating a defendant's criminal history score when such a conviction is used to enhance the severity level, to elevate the classification, or as an element of the *same present* crime of conviction." *Fowler*, 55 Kan. App. 2d at 99. Because Fowler's present crime of conviction was possession of methamphetamine, the district court could use the prior misdemeanor domestic battery convictions to (1) enhance his current domestic battery to a felony and (2) aggregate with a third person misdemeanor to elevate his criminal history. 55 Kan. App. 2d at 99.

4

Other panels of this court have made similar rulings. In each case, the past convictions used to enhance a misdemeanor to a felony and aggregate three person misdemeanors to a person felony were not present crimes of conviction. See *State v. Omar-Cruz*, No. 110,698, 2014 WL 6909677, at *4-5 (Kan. App. 2014) (unpublished opinion); *State v. Temmen*, No. 104,326, 2011 WL 1878141, at *1-3 (Kan. App. 2011) (unpublished opinion); *State v. Smith*, No. 92,312, 2005 WL 1089054, at *1-2 (Kan. App. 2005) (unpublished opinion).

The statute controls this issue. A plain reading of K.S.A. 2018 Supp. 21-6810(d)(10) does not support Herrera's argument. If the "of the present crime of conviction" only applied to the last alternative in the statute, then the first two alternatives do not make sense. There would be no guidance in the language of the statute for when prior convictions could not be used "if they enhance the severity level" or "elevate the classification from misdemeanor to felony." See K.S.A. 2018 Supp. 21-6810(d)(10). Herrera argues this court should essentially write in "any offense" following the first two alternatives. But he provides no support that his interpretation was the intent of the Legislature.

In our view, K.S.A. 2018 Supp. 21-6810(d)(10) means prior convictions of any crime shall not be counted in determining the criminal history category if they elevate the classification from misdemeanor to felony of the present crime of conviction. Because Herrera's present crimes of conviction were two drug crimes, his prior felony domestic battery and misdemeanor domestic batteries could be used to calculate his criminal history score.

The district court did not err by sentencing Herrera with a criminal history score of B.

Affirmed.

5