NOT DESIGNATED FOR PUBLICATION

No. 121,498

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RONNIE L. SANDERS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Coffey District Court; TAYLOR J. WINE, judge. Opinion filed April 17, 2020.
Affirmed.

*John A. Boyd*, of Finch, Covington & Boyd, Chtd., of Ottawa, for appellant.

*Christopher Phelan*, of Burlington, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., GREEN and BUSER, JJ.


PER CURIAM: Ronnie L. Sanders appeals from the trial court's denial of his motion to correct an illegal sentence, arguing that the sentence was ambiguous. Because we conclude that Sanders' sentence was not ambiguous and not illegal, we affirm.


While Sanders was serving a 15-year prison sentence in Georgia, the State of Kansas brought him back to answer charges from a 2005 Coffey County case. Eventually, Sanders pled guilty to two counts of kidnapping and one count of aggravated robbery. On February 17, 2006, the trial court sentenced him to a prison term of 180 months. This Kansas prison sentence ran concurrent with the Georgia sentence.

1

Kansas returned Sanders to Georgia. When his incarceration in Georgia ended, Georgia did not return Sanders to the Kansas Department of Corrections (KDOC) to serve the remainder of his Kansas sentence. Instead, Georgia released Sanders onto probation in August 2006. KDOC became aware of his absence and issued a warrant for Sanders' arrest on July 11, 2014.

After his arrest on July 18, 2014, KDOC assessed 7 years, 10 months, and 22 days of delinquent time to Sanders. *Sanders v. Roberts*, No. 116,876, 2017 WL 3669412, at *1 (Kan. App. 2017) (unpublished opinion). Sanders petitioned for writ of habeas corpus under K.S.A. 2016 Supp. 60-1501, arguing that he should receive credit for the time he spent on probation in Georgia. 2017 WL 3669412, at *1. The trial court dismissed that petition, ruling that even if probation is considered incarceration in Georgia, in Kansas, credit is given for only time spent in custody. 2017 WL 3669412, at *2. On appeal, Sanders abandoned this argument. As a result, this court affirmed the trial court. 2017 WL 3669412, at *2.

With that in mind, Sanders then moved to correct illegal sentence. He maintains that the judgment in Kansas did not specify that probation in Georgia would not count as time served for his Kansas case. He argues that the sentence is therefore ambiguous and thus illegal. After a nonevidentiary hearing, the trial court dismissed the motion, ruling that the sentence was not ambiguous and not illegal.

Sanders timely appeals the dismissal.

*Did the Trial Court Err in Denying His Motion to Correct Illegal Sentence?*

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

Sanders argues that in Georgia a prison sentence also includes a probation component. Sanders believes that his time on probation in Georgia should count as time served on his Kansas sentence because his time on probation counted toward his sentence in Georgia and his Kansas sentence was to run concurrent with his Georgia sentence. On that basis, Sanders argues that the trial court's failure to specify whether the Georgia or Kansas sentencing scheme applied created an ambiguity about the way the sentence would be served.

The State, however, argues that the sentence was not ambiguous about the way it would be served. The State points out that the trial court had no authority to sentence Sanders according to Georgia law, which would allow days on probation to count toward Sanders' Kansas sentence. The State asserts that the trial court did not need to specify whether Kansas or Georgia sentencing schemes would apply because only the Kansas sentencing scheme could apply.

The sentence was not ambiguous when it was pronounced. K.S.A. 2019 Supp. 21-6604(a)(1) permits the court to commit the defendant to the custody of the Secretary of Corrections if the crime of conviction is a felony and the sentence presumes imprisonment. K.S.A. 2019 Supp. 21-6604(h) requires the court to fix a term of confinement. An illegal sentence is

"'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of the

3

authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.'" *State v. Cotton*, 306 Kan. 156, 159, 392 P.3d 116 (2017).

Here, Sanders' severity level 3 felony and criminal history score of B placed him in a presumptive prison box. The "grand total months of confinement imposed" by the trial court was 180 months. This sentence ran concurrent with counts 2 and 3 and with Georgia case No. 2001 R 314. We note that the journal entry in this case specified that the 180 months was to be served as "months of confinement." Thus, this sentence was clear and unambiguous. The simple fact that Georgia released Sanders onto probation did not transform his unambiguous sentence into an ambiguous one. Because no ambiguity existed in the sentence when it was imposed, the sentence is not illegal.

Affirmed.