NOT DESIGNATED FOR PUBLICATION

No. 121,870

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JIMMY L. LOGSDON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed July 10, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before SCHROEDER, P.J., HILL and GARDNER, JJ.

PER CURIAM: This is an appeal by Jimmy Logsdon of the district court's denial of his motion to correct an illegal sentence. Based on Logsdon's motion, we accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). We find that the sentencing court did not err in holding that Logsdon's prior battery convictions were person misdemeanors when it sentenced Logsdon. Therefore, we hold the district court's summary denial of this motion is correct. Logsdon's sentence is not illegal.

1

*Case history.*

Logsdon pleaded no contest to aggravated robbery, aggravated burglary, and nine counts of kidnapping in 2000. The court sentenced him to 233 months in prison. When the case was consolidated with another case, Logsdon's total sentence was 351 months in prison. The presentence investigation report showed that Logsdon's criminal history score was A. Three of Logsdon's pre-1993 battery convictions were classified as person misdemeanors. In a motion to correct an illegal sentence filed in 2017, Logsdon contended that the battery convictions should not have been labeled as person crimes. The district court denied the motion. That is the question that we must address in this appeal.

Whether a sentence is illegal is a matter of law; thus, our review is unlimited. See *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

Our ruling on this appeal is controlled by *State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015). In that case, our Supreme Court held in that when designating a pre-1993 Kansas conviction as a person or nonperson crime for criminal history purposes, the court must consider how the crime would have been classified based on the classification in effect when the current crime of conviction was committed. 302 Kan. at 590. So a court faced with classifying Logsdon's pre-1993 battery convictions as person or nonperson crimes would compare the 1992 battery statute to the statute in effect in 2000.

Those statutes are very similar. When Logsdon committed the two batteries in 1992, battery was defined as "the unlawful, intentional touching or application of force to the person of another, when done in a rude, insolent or angry manner." K.S.A. 21-3412 (Ensley 1988). By 2000—when Logsdon committed the aggravated robbery, aggravated burglary, and kidnappings that are the subject of this appeal—the Legislature had expanded that definition while retaining much of the language of the 1992 statute in

2

subsection (a)(2): "(a) Battery is: (1) Intentionally or recklessly causing bodily harm to another person; or (2) intentionally causing physical contact with another person when done in a rude, insulting or angry manner." K.S.A. 1999 Supp. 21-3412(a). The statute also stated that battery was a person crime.

Under *Keel*, because battery was a person crime when Logsdon committed the crimes of conviction here, the sentencing court properly scored the 1992 batteries as person misdemeanors. And Logsdon has not suggested that *Keel* does not apply to this appeal. Instead, he cites *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), as a reason for reversal. But he does not explain why it is relevant to this appeal, nor does he show why that case undercuts the holding in *Keel*.

Finding no error, we affirm the district court's denial of Logsdon's motion to correct an illegal sentence.