NOT DESIGNATED FOR PUBLICATION

No. 115,606

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHANE T. YOUNKMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Kearny District Court; WENDEL W. WURST, judge. Opinion filed March 17, 2017.
Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Nicholas C. Vrana*, special prosecutor, of Finney County Attorney Office, and *Derek Schmidt*,
attorney general, for appellee.

Before PIERRON, P.J., HILL, J., and WALKER, S.J.

*Per Curiam*:  Shane T. Younkman appeals the granting of the State's motion to
correct an illegal sentence. He argues his original sentence of 24 months postrelease
supervision was legal because his sentence falls under K.S.A. 22-3717(d)(1)(D).
However, his sentence actually falls under K.S.A. 22-3717(d)(1)(G), which requires
lifetime postrelease supervision. Because the 24-month postrelease sentence was illegal
and was corrected to lifetime postrelease supervision, the district court is affirmed.

1

On March 3, 2009, Younkman pled guilty to one count of aggravated indecent solicitation of a child, a severity level 5 person felony, and one count of abuse of a child, also a severity level 5 person felony. On May 5, 2009, the district court sentenced Younkman to 68 months in the custody of the Department of Corrections (DOC) and 24 months of postrelease supervision. The court then granted Younkman probation for 36 months.

On September 1, 2011, Younkman was found to be in violation of his probation. On September 22, 2011, the district court ordered the original sentence to be reinstated. This decision was affirmed on appeal. *State v. Younkman*, No. 107,263, 2013 WL 195767, at *2 (Kan. App. 2013) (unpublished opinion).

On May 28, 2015, the State filed a motion to correct an illegal sentence. The motion alleged the 24-month term of postrelease supervision was illegal and under K.S.A. 22-3717(d)(1)(G), lifetime postrelease supervision was required. After a hearing on December 1, 2015, the district court found the original sentence of 24 months' postrelease supervision was illegal and ordered lifetime postrelease supervision. On appeal, Younkman argues his lifetime postrelease supervision sentence was illegal and his 24-month postrelease supervision sentence was a permissible disposition for his probation revocation.

Interpretation of a sentencing statute is a question of law, and the standard of review is unlimited. *State v. Nguyen*, 304 Kan. 420, 422, 372 P.3d 1142 (2016) (interpreting sentencing provision for felony-murder convictions); *State v.* Collins, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). Whether a sentence is illegal is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

A court can correct an illegal sentence at any time. *State v. Lewis*, 299 Kan. 828, 858, 326 P.3d 387 (2014). The Kansas Supreme Court in *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014), defined an illegal sentence as: "(1) A sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served."

Younkman argues that K.S.A. 22-3717(d)(1)(G), which states defendants convicted of sexually violent crimes are required to serve a term of lifetime postrelease supervision, and K.S.A. 22-3717(d)(1)(D) which states a defendant convicted of a sexually violent crime is required to serve 12 to 36 months of postrelease supervision, are in direct conflict.

The State argues K.S.A. 22-3717(d)(1) excludes those subject to subparagraph (G) from the provisions of subparagraph (D) and Younkman's conviction of aggravated indecent solicitation of a child committed in 2008 falls under K.S.A. 22-3717(d)(1)(G) requiring lifetime postrelease supervision.

K.S.A. 22-3717, as it currently stands, contains two seemingly conflicting provisions regarding the term of postrelease supervision for those convicted of sexually violent crimes. Prior to the 2013 amendment, the only provision expressly dealing with postrelease supervision of sexually violent offenders was subsection K.S.A. 22-3717(d)(1)(G), which mandates lifetime postrelease supervision of those convicted of sexually violent crimes. This subsection reads: "Except as provided in subsection (u), persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of a person's natural life." K.S.A. 22-3717(d)(1)(G). Subsection (u) is not relevant here.

3

A careful analysis of the statute shows there is not a conflict between the two provisions.

The Kansas Supreme Court has stated: "[T]he crime and penalty in existence at the time of the offense are controlling unless the legislature has given retroactive effect to any statutory changes made subsequent to the time of the commission of the crime." *State v. Van Cleave*, 239 Kan. 117, 122, 716 P.2d 580 (1986). Younkman committed aggravated indecent solicitation of a child and abuse of a child in 2008 and was convicted in 2009. At that time, lifetime postrelease supervision was mandated under K.S.A. 22-3717(d)(1)(G).

Younkman argues that the 2013 amendments to K.S.A. 22-3717(d)(1) changed the law regarding postrelease supervision for persons sentenced for sexually violent crimes, and that the changes apply to him retroactively. He argues that because K.S.A. 22-3717(s) states: "The provisions of subsections (d)(1)(A), (d)(1)(B), (d)(1)(C) and (d)(1)(E) shall be applied retroactively as provided in subsection (t)," and those subsections expressly incorporate (d)(1)(D), then it is retroactive.

However, *State v. Herrmann*, 53 Kan. App. 2d 147, 384 P.3d 1019 (2016), directly addressed this issue. Contrary to Younkman's argument, K.S.A. 22-3717(d)(1)(D) and K.S.A. 22-3717(d)(1)(G) are not in direct conflict. There are no persons convicted of a sexually violent crime who would fall under both (D) and (G). 53 Kan. App. 2d at 149.

In *Herrmann*, the court stated the plain language of the statute which clearly decides the issue here:

> "Subsection (d)(1) explains that persons sentenced for crimes committed after July 1,
> 1993, will not be eligible for parole; instead they will be subject to mandatory postrelease
> supervision as provided in the subparagraphs that follow. Notably, however, this

4

subsection (d)(1) expressly states that the mandatory postrelease supervision provided in the subparagraphs that follow *do not* apply to 'persons subject to subparagraph (G).' Subparagraph (G) provides that 'persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life.'" 53 Kan. App. 2d at 152.

Younkman was convicted of aggravated indecent solicitation, which is a sexually violent crime under K.S.A. 2016 Supp. 22-3717(d)(5)(G). His conviction occurred after July 1, 2006. In accordance with *Herrmann*, because Younkman is subject to subparagraph (G), no other subparagraph following (d)(1) applies to him, including (D). 53 Kan. App. 2d at 152.

Younkman argues that the rule of lenity resolves the ambiguity between these two subsections and requires the court to rule in his favor by imposing 24 months of postrelease supervision instead of lifetime postrelease supervision. This is incorrect because the provisions in each subsection apply to a distinct class of persons. As outlined in *Herrmann*, K.S.A. 22-3717 "as a whole applies to all persons convicted of a crime after July 1, 1993." 53 Kan. App. 2d at 153. K.S.A. 22-3717(d)(1)(G) was added in 2006 to create an explicit exception that only applies to "persons convicted of a sexually violent crime committed on or after July 1, 2006." L. 2006, ch. 212, sec. 19. When K.S.A. 22-3717(d)(1)(D) is read in pari materia, it is clear it applies to all persons but those expressly excluded "persons sentenced for off-grid crimes committed on or after July 1, 1993, and persons committing a sexually violent crime on or after July 1, 2006, as stated in subparagraph (G)." 53 Kan. App. 2d at 153. Therefore, subsection (D) only applies to those persons convicted of a sexually violent crime after July 1, 1993, but before July 1, 2006. 53 Kan. App. 2d at 153. As stated previously, that means there are no persons convicted of a sexually violent crime who are subject to both (D) and (G). 53 Kan. App. 2d at 153. When reading the statute as a whole, there is no conflict or ambiguity in K.S.A. 22-3717(d)(1).

The court in *Herrmann* also looked at legislative history for the 2013 amendment to K.S.A. 22-3717 for support. The legislative history confirms that the new language in (D) was not intended to create a conflict with subsection (G). The changes were meant to maintain the same term of postrelease supervision for certain offenders, including those who committed a sexually violent offense between July 1, 1993 and June 30, 2006. 53 Kan. App. 2d at 153. Prior to the 2013 amendment, subsections (A)-(C) had either 36, 24, or 12 months of postrelease supervision, plus the amount of good-time credit earned. K.S.A. 22-3717(d)(1)(A)-(C). The 2013 amendment changed the language pertaining to good-time credit in subsections (A)-(C), which reduced the length of postrelease supervision terms by not requiring the credits to be added to someone's postrelease term. 53 Kan. App. 2d at 154. The legislature did not want to provide the same benefit for persons convicted of sexually violent offenses, so it amended subparagraph (D) to create an exception for those convicted of sexually violent crimes so the good-time credit is added to their postrelease supervision term. L. 2013, ch. 133, sec. 13; 53 Kan. App. 2d at 154.

The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016). When construing a statute to determine legislative intent, appellate courts must consider various provisions of the statute in pari materia in order to reconcile and bring the provisions into workable harmony, if possible. *State v. Keel*, 302 Kan. 560, Syl. ¶ 7, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). Here, the plain language of K.S.A. 22-3717(d)(1) provides an exception for persons convicted of a sexually violent crime for an offense after July 1, 2006, in subsection (G). Younkman committed his sexually violent offense, aggravated indecent solicitation, after July 1, 2006, and is therefore only subject to subsection (G). Because subsection (D) does not apply to Younkman, there is no need to determine whether it would apply retroactively.

Because Younkman's 24-month term of postrelease supervision was illegal under the 2013 amendment to K.S.A. 22-3717(d)(1), the district court did not err in resentencing him to lifetime postrelease supervision under subsection (G). The district court is affirmed.

Whether a sentence is illegal is a question of law subject to de novo review. *State v. Lee*. 304 Kan. 416, 417, 372 P.3d 415 (2016).

As discussed above, Younkman's term of postrelease supervision is governed by K.S.A. 22-3717(d)(1)(G) because he committed his offense after the July 1, 2006 effective date of subsection (G). Therefore, when his probation was revoked and his original sentence was reinstated, 68 months in the custody of the DOC and 24 months of postrelease supervision, his sentence was illegal under K.S.A. 22-3717(d)(1)(G). The district court does not have the discretion to ignore the requirement of lifetime postrelease supervision in K.S.A. 22-3717(d)(1)(G). *State v. Reed*, 50 Kan. App. 2d 1133, 1137, 336 P.3d 912 (2014), *rev. denied* 302 Kan. 1019 (2015). Therefore, when the State filed a motion to correct the illegal sentence to impose lifetime postrelease supervision, the district court was required to correct the sentence. In a case from the Kansas Supreme Court, a district court's resentencing of a defendant to lifetime postrelease supervision under subsection (d)(1)(G) was upheld because the defendant was convicted of a sexually violent crime and his first sentence of 36 months postrelease supervision was therefore illegal. *State v. Ballard*, 289 Kan. 1000, 1012, 218 P.3d 432 (2009).

Younkman argues because 24 months of postrelease supervision was authorized by statute, it does not matter that the district court could have imposed a greater sentence if it had realized the alleged illegality of the original sentence, and therefore his postrelease supervision should be for a period of 24 months. If a revocation of probation sentence is illegal, the district court has jurisdiction to correct the illegal sentence. *Reed*, 50 Kan. App. 2d at 1137. Therefore, the district court had jurisdiction to impose the

lifetime postrelease supervision requirement under K.S.A. 22-3717(d)(1)(G). Younkman's argument fails and the district court is affirmed.

Affirmed.