NOT DESIGNATED FOR PUBLICATION

No. 115,145

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT C. TERRELL,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC R. YOST and DEBORAH HERNANDEZ MITCHELL, judges. Opinion filed March 17, 2017. Appeal dismissed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant, and *Robert G. Terrell*, appellant pro se.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., ATCHESON and BRUNS, JJ.


*Per Curiam*:  An illegal sentence may be corrected at any time. K.S.A. 22-3504(1). Robert Terrell was convicted of rape in 2002. In 2014, he filed a motion to correct an illegal sentence to remove an uncounseled misdemeanor from his criminal history. The district court granted the motion and resentenced Terrell. At resentencing, the district court removed the uncounseled misdemeanor, but it also added a 2004 conviction for failure to register as a sex offender to Terrell's criminal history. Because of

1

this, Terrell approached the resentencing with a higher criminal history score than he had at his original sentencing.

Terrell argues that the district court did not have jurisdiction to resentence him, only to correct the inclusion of the uncounseled misdemeanor. He also argues that the district court violated his due process rights by allowing the State to orally amend his criminal history at the resentencing without providing him notice of its intent. Finally, he argues that K.S.A. 2016 Supp. 21-6810(d)(9) (formerly K.S.A. 21-4710[d][11]) prevents the district court from using his 2004 conviction in his criminal history because he argues that failure to register as a sex offender is a "'subsequent element'" of his rape conviction. However, Terrell has now served his entire sentence, so this sentencing issue is moot. Accordingly, Terrell's appeal is dismissed.

FACTUAL AND PROCEDURAL HISTORY

In November 2002, Terrell pled guilty to rape, a severity level 1 felony. Terrell's presentence investigation (PSI) report showed that Terrell had a criminal history score of H. Terrell's sentencing range was 166 to 186 months of presumptive prison. But, the district court granted Terrell's motion for dispositional departure and ordered him to serve 36 months' probation with an underlying prison sentence of 176 months. Terrell violated his probation twice, and after the second violation the court revoked his probation and ordered him to serve the underlying sentence.

Terrell filed a pro se motion to correct an illegal sentence in January 2015. Terrell argued that one of the convictions in his criminal history was an uncounseled misdemeanor and that uncounseled misdemeanors cannot be used in calculating criminal history scores. Terrell requested that the court "correct [his] sentence and re-sentence [him] in the I-Box." The district court granted Terrell's motion to correct an illegal

2

sentence, finding that the prior conviction was uncounseled. The district court scheduled a hearing on May 15, 2015, at which it could resentence Terrell.

Before the resentencing hearing, Terrell filed a motion requesting that the court issue a nunc pro tunc order to correct his sentence instead of resentencing him. At the resentencing hearing, Terrell's counsel explained the reason for the motion: Terrell was concerned that the State would add Terrell's 2004 conviction for failure to register as a sex offender to his criminal history and that as a result his criminal history score would actually be increased instead of decreased. Removing the uncounseled misdemeanor would change Terrell's criminal history score from an H to an I. But adding the 2004 nonperson felony conviction would increase the score from I to G, thus increasing Terrell's sentence. The State cited caselaw that purported to show that the court could include convictions occurring subsequent to the original conviction in the criminal history score at resentencing. The district court denied Terrell's request to issue an order nunc pro tunc and continued with the resentencing. The court approved of the caselaw that the State cited and held that the entire criminal history could be considered at the resentencing, even "things that may have happened subsequent to the original sentence." The court then found that, given the 2004 conviction, Terrell's new criminal history score was G. This criminal history score carries a presumptive sentence of 184 to 203 months in prison. However, the district court granted Terrell a durational departure and resentenced him to 166 months' prison.

In the months following the resentencing, Terrell filed a number of pro se motions objecting to his criminal history and requesting that the district court correct his sentence. The court denied all of Terrell's motions.

Terrell appealed. However, in response to a show cause order, this court was notified by both parties that Terrell has completed the prison portion of his sentence and is on postrelease supervision until September 2019.

3

Both Terrell and his attorney filed briefs. Terrell claims his sentence is illegal because the district court did not have the authority to resentence him. He argues that the plain language of K.S.A. 22-3504 only authorizes district courts to correct sentences, not resentence offenders. He argues that the district court only had the power to correct the erroneous inclusion of the uncounseled misdemeanor in Terrell's criminal history, not to add a subsequent conviction to Terrell's criminal history. In his pro se brief, Terrell argues that the State's failure to provide him with adequate notice of its intention to use the 2004 conviction at resentencing violated his due process and statutory rights.

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). Additionally, interpretation of a sentencing statute is a question of law, and the standard of review is unlimited. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

Unfortunately there is a procedural bar to Terrell's illegal sentence claim; he has now served his entire jail sentence. A review of the docketing statement that Terrell filed with the court suggests that Terrell was eligible for release on or about April 30, 2016. A show cause order was sent to the parties to show why the challenge to Terrell's criminal history score should not be dismissed as moot. The State confirmed through a letter from the Kansas Department of Corrections, that Terrell was released from prison on April 29, 2016, and is currently serving postrelease supervision until September 19, 2019. Terrell confirmed this fact in his response to the show cause order.

Because mootness is a doctrine of court policy, which was developed through court precedent, appellate review of the issue is unlimited. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012). An appeal is moot if it convincingly appears that the only

4

judgment which could be entered would be ineffectual for any purpose. *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). Such is the case here. Terrell has served his entire term of incarceration. Prior panels of this court have found illegal sentencing issues moot once the defendant has completed his or her sentence. See, *e.g.*, *State v. Brown*, No. 112,825, 2015 WL 9286987, at *4 (Kan. App. 2015) (unpublished opinion), *petition for rev. filed* January 14, 2016; *State v. Lawrence*, No. 113,470, 2015 WL 7434300, at *1-2 (Kan. App. 2015) (unpublished opinion); *State v. Tipps*, No. 113,002, 2015 WL 7434683, at *1-2 (Kan. App. 2015) (unpublished opinion), *rev. denied* 305 Kan. ___ (December 20, 2016). When the court corrects an illegal sentence, the defendant receives full credit for the time spent in custody under the sentence prior to correction. K.S.A. 22-3504(1). In this case, Terrell has already completely served his sentence and is simply serving his period of postrelease supervision. Any actual controversy over Terrell's sentence has ended and remanding for resentencing would be ineffectual for any purpose. This is true even though Terrell is still on postrelease supervision.

Postrelease supervision is mandatory. K.S.A. 2016 Supp. 22-3717(d)(l). The length of the supervision is dictated by the severity level of the crime of conviction; criminal history is irrelevant. See K.S.A. 2016 Supp. 22-3717(d)(l)(A)-(C). Based on his crimes of conviction, Terrell was sentenced to 36 months of postrelease supervision. Assuming without deciding that Terrell's prison sentence was actually too long because of a mistake in determining his criminal history, the excess time of incarceration could not be applied to reduce a mandatory period of postrelease supervision. See *State v. Gaudina*, 284 Kan. 354, 368, 160 P.3d 854 (2007); *State v. Reed*, No. 113,845, 2016 WL 2775148, at *2 (Kan. App. 2016) (unpublished opinion); *Brown*, 2015 WL 9286987, at *4; *State v. Dunn*, No. 111,283, 2015 WL 2414362, at *2 (Kan. App. 2015) (unpublished opinion), *rev. denied* 303 Kan. 1080 (2016). So any change in Terrell's criminal history score would have no legal effect on his period of postrelease supervision.

5

Accordingly, because it has been clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights, Terrell's appeal must be dismissed as moot. See *Montgomery*, 295 Kan. at 840-44.

Appeal dismissed.