NOT DESIGNATED FOR PUBLICATION

No. 116,655

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RUSSELL A. ANHORN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed October 27, 2017. Affirmed.

*Corrine Gunning*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, deputy district attorney, *Michael F. Kagay*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MCANANY, J., and HEBERT, S.J.

PER CURIAM: Russell A. Anhorn appeals from the district court's imposition of a 31-month prison sentence after he was convicted of one count of attempted aggravated sexual battery and two counts of lewd and lascivious behavior. On appeal, Anhorn maintains that his sentence is illegal because under a recent amendment to K.S.A. 21-6810, one of his prior juvenile adjudications should not have been considered. As a result, Anhorn argues that his criminal history score should have been C rather than B. We conclude that the amendment to K.S.A. 21-6810 was substantive and that the legislature did not intend for it to apply retroactively. Thus, we affirm Anhorn's sentence.

1

FACTS

On March 7, 2016, pursuant to a plea agreement, Anhorn pled guilty to one count of attempted aggravated sexual battery and two counts of lewd and lascivious behavior. These offenses occurred on November 5, 2014. Anhorn's presentence investigation (PSI) report calculated his criminal history score as B. At his sentencing hearing, which was held on August 2, 2016, Anhorn did not object to his criminal history score, and the district court determined it was correct based on two prior person felonies.

One of the prior person felonies was based on three person misdemeanors committed by Anhorn that were converted to a person felony pursuant to the Kansas Sentencing Guidelines. Anhorn's other prior person felony was based on a juvenile adjudication from January 27, 2004, for the burglary of a dwelling. Additionally, Anhorn's criminal history consisted of one nonperson felony and one nonperson misdemeanor. Based on this criminal history, the district court sentenced Anhorn to 31 months of prison for the attempted aggravated sexual battery conviction to run concurrently with two 6-month jail sentences for the lewd and lascivious behavior convictions.

After filing a notice of appeal, Anhorn requested that the district court add the journal entry from his 2004 juvenile adjudication for burglary of a dwelling to the record on appeal. Although the State argued that it was not appropriate to add the journal entry to the appellate record because it was never part of the record in this case, the district court granted Anhorn's request. In reviewing the journal entry of adjudication, we note that it shows that Anhorn was adjudicated for burglary to a dwelling in violation of K.S.A. 21-3715(a), which was a severity level 7 person felony at that time. By contrast, we note that the PSI report filed in this case shows that Anhorn was adjudicated for burglary under K.S.A. 21-3716, which was aggravated burglary and was a severity level 5 person felony.

2

On appeal, Anhorn contends that the district court erred in calculating his criminal history score because it considered a 2004 juvenile adjudication for burglary of a dwelling that should have been deemed to have decayed pursuant to K.S.A. 2016 Supp. 21-6810. Anhorn admits that he did not raise the issue before the district court, but he argues that this error causes his sentence to be illegal pursuant to K.S.A. 22-3504. As the Kansas Supreme Court has held, an incorrect criminal history can result in an illegal sentence that can be corrected at any time—even for the first time on appeal. *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015). Thus, we will decide the issue presented on the merits.

Whether a sentence is illegal is a question of law over which we have unlimited review. See *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). Likewise, "[t]he meaning and applicability of a statutory amendment involve only questions of law arising on proved or admitted facts that will be finally determinative of the issue." *State v. Brownlee*, 302 Kan. 491, 508, 354 P.3d 525 (2015). "[T]he fundamental rule for sentencing is that the person convicted of a crime is sentenced in accordance with the sentencing provisions in effect at the time the crime was committed." *State v. Overton*, 279 Kan. 547, 561, 112 P.3d 244 (2005).

If a prior juvenile adjudication is deemed to have decayed, it is not to be considered as part of an offender's criminal history score. See K.S.A. 2016 Supp. 21-6803(e). The version of K.S.A. 21-6810 in effect at the time Anhorn committed his 2014 crimes provided that juvenile adjudications for crimes that would have been person felonies if committed by an adult do not decay for the purpose of determining an offender's criminal history score. K.S.A. 2014 Supp. 21-6810(d)(3)(B). However, the 2016 Kansas Legislature amended K.S.A. 21-6810 to expand the scope of juvenile adjudications that decay for purposes of calculating an offender's criminal history score.

3

See L. 2016, ch. 97, § 1. The current version of the statute provides that a juvenile adjudication will decay if the current crime of conviction is committed after the offender reaches the age of 25, and the prior juvenile adjudication is for an offense that would be a nondrug severity level 5 through 10 if committed by an adult. K.S.A. 2016 Supp. 21-6810(d)(4)(B).

In this case, it is undisputed that Anhorn was 27 years old at the time he committed his current crimes. Likewise, the record reveals that his 2004 juvenile adjudication was for either a severity level 5 or severity level 7 person felony, neither of which would have been deemed to have decayed under the version of K.S.A. 21-6810 in effect at the time Anhorn committed his current crimes. See K.S.A. 2014 Supp. 21-6810(d)(3)(B). Nevertheless, Anhorn argues that because he was sentenced after the statute was amended, the current version of K.S.A. 21-6810 should apply based on the language of K.S.A. 2016 Supp. 21-6810(e), which provides that "amendments made to this section . . . are procedural . . . and shall be . . . applied retroactively." More recently, the legislature clarified K.S.A. 21-6810(e) to provide that only "[t]he amendments made to this section *by section 1 of chapter 5 of the 2015 Session Laws of Kansas* are procedural in nature and shall be construed and applied retroactively." (Emphasis added.) L. 2017, ch. 92, § 5.

Although we understand the confusion that has resulted from the various amendments to K.S.A. 21-6810, we find the "fundamental rule for sentencing" that a defendant should be "sentenced in accordance with the sentencing provisions in effect at the time the crime was committed" should be applied in this case. *Overton*, 279 Kan. at 561. Anhorn admits that at the time he committed his current crimes, the 2016 amendment to K.S.A. 21-6810 upon which he relies as support for his argument had not yet been enacted. As such, at the time Anhorn committed his current crimes, his 2004 juvenile adjudication had not decayed. See K.S.A. 2014 Supp. 21-6810(d)(3)(B). Accordingly, we find no error in the criminal history score used by the district court.

Finally, we note that our court has rejected arguments similar to Anhorn's argument in several cases. See *State v. Martinez*, No. 116,175, 2017 WL 3947378, at *11-12 (Kan. App. 2017) (unpublished opinion); *State v. Villa*, No. 115,595, 2017 WL 3207087, at *2-5 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* August 25, 2017; *State v. Riley*, No. 116,046, 2017 WL 1426208, at *1 (Kan. App. 2017) (unpublished opinion); *Parker v. State*, No. 115,267, 2017 WL 947821, at *4 (Kan. App. 2017) (unpublished opinion), *rev. granted* September 29, 2017. In these cases, we found that the legislature did not intend to retroactively apply the decay provisions of K.S.A. 2016 Supp. 21-6810 because the legislature did not use specific language reflecting an intent to do so or provide any mechanisms to resentence offenders with criminal history scores based on juvenile adjudications. *Martinez*, 2017 WL 3947378, at *11-12; *Villa*, 2017 WL 3207087, at *3-4; *Parker*, 2017 WL 947821, at *4. As noted in *Parker*, the lack of legislative guidance on resentencing offenders as well as the practical effect that numerous offenders would need to be resentenced supports the position that the legislature did not intend to retroactively apply the decay provisions of K.S.A. 2016 Supp. 21-6810. We find the analysis in these cases to be persuasive.

Affirmed.