NOT DESIGNATED FOR PUBLICATION

No. 119,446

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYLER LEE DAWSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK JR., judge. Opinion filed May 3, 2019. Sentence vacated and remanded with directions.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., GREEN and POWELL, JJ.

PER CURIAM: Tyler Lee Dawson argues that the district court's decision to sentence him to prison instead of mandatory drug treatment for his possession of methamphetamine conviction was illegal. Because we agree, we vacate his sentence and remand for resentencing.

Dawson pled no contest to one count of possession of methamphetamine, a severity level 5 nonperson felony in violation of K.S.A. 2018 Supp. 21-5706(a).

1

Before sentencing, an Intensive Supervision Officer (ISO) with the Department of Community Corrections completed an eligibility worksheet. The ISO determined that Dawson met mandatory drug treatment requirements. Dawson's presentencing investigation (PSI) report stated that the district court should sentence Dawson, who had a criminal history score of G, to mandatory drug treatment. Moreover, the PSI report said (1) that Dawson's sentence was presumed probation and (2) that the special rule requiring imprisonment because Dawson committed his crime while on felony bond applied. See K.S.A. 2018 Supp. 21-6604(f)(1).

During sentencing, the district court declined Dawson's request to sentence him to probation where he could complete mandatory drug treatment. Instead, the district court sentenced Dawson to 15 months' imprisonment followed by 12 months' postrelease supervision.

Dawson timely appealed his sentence to this court.

After both parties filed their briefs, the State filed notice under Supreme Court Rule 2.042 (2019 Kan. S. Ct. R. 18) that Dawson completed his prison sentence and is currently serving postrelease supervision. Dawson will complete his postrelease supervision on July 30, 2019, at the earliest.

On appeal, Dawson argues that his prison sentence was illegal because he qualified for mandatory drug treatment under K.S.A. 2018 Supp. 21-6824(a)(1). Dawson relies on our Supreme Court case *State v. Andelt*, 289 Kan. 763, Syl. ¶ 7, 217 P.3d 976 (2009), to support his proposition. The State agrees that under *Andelt*, "it appears that the sentencing court ruled incorrect." Even so, the State argues that Dawson's argument is moot because he is now out of prison and on postrelease supervision.

Whether a sentence is illegal under K.S.A. 2018 Supp. 22-3504 constitutes a question of law over which we have unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). Furthermore, we exercise unlimited review when considering whether a question is moot. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012).

To begin with, we reject the State's contention that Dawson's argument is moot. The State relies on our Supreme Court case of *State v. Montgomery*, 295 Kan. 837, 286 P.3d 866 (2012), to support its assertion that Dawson's argument is moot. But our Supreme Court's holding in *Montgomery* supports that Dawson's argument is not moot because Dawson remains on postrelease supervision.

In *Montgomery*, our Supreme Court held the following:

"The issue of the propriety of the sanction imposed by the district court for an admitted violation of probation becomes moot upon *the completion of the sanction and the termination of State supervision*, subject to the recognized exceptions to the mootness doctrine. The sanction imposed for an admitted probation violation is not sufficiently relevant to an assessment of amenability to probation in a future criminal proceeding so as to negate the application of the mootness doctrine." (Emphasis added.) 295 Kan. 837, Syl. ¶ 5.

Moreover, this court considered an identical argument about mootness in *State v. Johnson*, No. 115,919, 2017 WL 1369957, at *2 (Kan. App. 2017) (unpublished opinion):

"But here, Johnson claims that this issue isn't moot because he remains on postrelease supervision, so he hasn't completely finished serving his sentence. He also notes that if he had been properly sentenced to drug treatment and successfully completed the drug-treatment program while on probation, he wouldn't have been subject to any postrelease term at all. See K.S.A. 2016 Supp. 22-3717(d)(1) (postrelease supervision follows the completion of the prison portion of sentence). Furthermore, he points out that

3

there is a concrete difference between the sentence he's currently serving (postrelease supervision) and the sentence he should have been given (drug treatment paid for, at least in part, by the State). On these facts, we agree that his rights would be impacted if we vacated his sentence because he would be resentenced to state-sponsored drug treatment. The drug treatment is a real distinction and something that Johnson didn't receive in prison and isn't receiving on postrelease supervision."

Next, K.S.A. 2018 Supp. 21-6824(a)(1)-(2) mandates that certain offenders with qualifying convictions and criminal histories be sentenced to probation, when they are placed "in certified drug abuse treatment programs." There is no dispute that Dawson qualifies for mandatory treatment under K.S.A. 2018 Supp. 21-6824(a)(1).

In *Andelt*, our Supreme Court held that based on the plain language of the predecessor to K.S.A. 2018 Supp. 21-6824(a)(1)-(2), the district court "does not have discretion to sentence an offender otherwise qualifying for a drug abuse treatment program to imprisonment," even when the offender committed his or her current crime on felony parole. 289 Kan. at 774. This means a district court cannot invoke the special rule under K.S.A. 2018 Supp. 21-6604(f)(1) to send an offender to prison when that offender qualifies for mandatory drug treatment.

As a result, we hold that Dawson's prison sentence was illegal. We therefore vacate Dawson's sentence and remand to the district court for resentencing.

Sentence vacated and remanded with directions.