IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,713

STATE OF KANSAS,
*Appellee*,

v.

DANIEL S. CARPENTER,
*Appellant*.

SYLLABUS BY THE COURT

1.

K.S.A. 22-3717(d)(1)(G) applies to persons convicted of a sexually violent crime committed on or after July 1, 2006. There are no persons convicted of a sexually violent crime on or after July 1, 2006, to whom both subsection K.S.A. 22-3717(d)(1)(A) and subsection (d)(1)(G) apply.

2.

Construing the statute as a whole and giving effect to all of the subsections, there is no conflict or ambiguity in K.S.A. 22-3717(d)(1).

Review of the judgment of the Court of Appeals in an unpublished opinion filed July 14, 2017. Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed December 6, 2019. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Charles A. O'Hara*, of O'Hara & O'Hara LLC, of Wichita, was on the brief for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

NUSS, C.J.:  Daniel S. Carpenter argues the district court incorrectly sentenced him to lifetime postrelease supervision after he was convicted of burglary, theft, criminal damage to property, aggravated indecent liberties with a child, and criminal sodomy. Chiefly based on our recent decision in *State v. Brook*, 309 Kan. 780, 440 P.3d 570 (2019), we reject his argument and affirm.

## FACTS AND PROCEDURAL BACKGROUND

The State charged Carpenter with burglary, misdemeanor theft, and misdemeanor criminal damage to property. In a separate complaint, the State charged aggravated indecent liberties with a child and criminal sodomy. He pled no contest in both cases and was convicted.

The sexually violent offenses of aggravated indecent liberties with a child and criminal sodomy were committed between February 1 and 15, 2008, and both were charged as severity level 3 person offenses. See K.S.A. 22-3717(d)(2)(C) and (D) (defining these offenses as sexually violent). The court granted a downward dispositional departure to probation on these presumptive imprisonment convictions. See K.S.A. 21-4704. In pronouncing the underlying sentence, the court stated, "[T]he total term of

2

incarceration you are facing in the case is 55 months," adding the "[p]ost-release chart under the guidelines is 36 months." But the later journal entry in the case involving the sexually violent offenses instead reflected *lifetime* postrelease supervision. See *State v. Gaudina*, 284 Kan. 354, 358, 160 P.3d 854 (2007) (postrelease supervision is included as part of a complete sentence).

Because of Carpenter's eventual probation violations, two years later the district court revoked his probation and imposed the underlying sentence of 55 months as well as lifetime postrelease supervision. More than five years later, Carpenter filed a motion to modify the journal entry to correct a purportedly illegal sentence by confirming the orally pronounced sentence of 36 months' postrelease supervision.

The State opposed the motion, arguing lifetime postrelease supervision was mandatory and the 36-month supervision itself was illegal. The district court agreed with the State.

A panel of the Court of Appeals affirmed the district court. *State v. Carpenter*, No. 115,713, 2017 WL 3001025 (Kan. App. 2017) (unpublished opinion). The panel held the correct interpretation of K.S.A. 22-3717 (specifying different periods of postrelease supervision) was that persons who committed sexually violent offenses after July 1, 1993, but before July 1, 2006, are subject to subsection (d)(1)(A) (36 months' postrelease). By contrast, people who committed such offenses after July 1, 2006, are subject to subsection (d)(1)(G) (lifetime postrelease). *Carpenter*, 2017 WL 3001025, at *3. We granted Carpenter's petition for review under K.S.A. 20-3018(b), obtaining jurisdiction under K.S.A. 60-2101(b).

3

Then, on May 10, 2019—while Carpenter's appeal was pending—we released *Brook*, 309 Kan. 780. Like the *Carpenter* panel, there we held K.S.A. 22-3717 provided that persons who committed sexually violent offenses after July 1, 2006, (such as Carpenter) are subject to (d)(1)(G)—lifetime postrelease. 309 Kan. at 786.

As a result, we issued a show cause order because *Brook* "appears to be controlling on the sole issue subject to our review." Both parties complied, as discussed below.

## ANALYSIS

Issue: *Was lifetime postrelease supervision required under K.S.A 22-3717(d)(1)?*

*Standard of review*

Whether a sentence is illegal within the meaning of K.S.A. 22-3504—as Carpenter contends—is a question of law over which we have unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

*Discussion*

The State responded to our show cause order by declaring it knew "of no reason why this Court should not summarily affirm" based on *Brook*.

Carpenter's response conceded (1) both he and defendant Brook were granted probation and (2) this court held Brook's initial term of two years of postrelease supervision under K.S.A. 2013 Supp. 22-3717(d)(1)(D) was illegal. Carpenter further

4

conceded *Brook* did not support his argument—that his initial term of 36 months' postrelease supervision under 22-3717(d)(1)(A) was legal *because* he received probation. But he asserts defendant Brook never made (and so the court never addressed) this precise probation-distinctive argument. As a result, he argues this court now should not only consider it but also grant him relief.

Generally, the crime and penalty in existence at the time of the offense are controlling, except where the Legislature has given retroactive effect to statutory changes made after the commission of the crime. *State v. Herrmann*, 53 Kan. App. 2d 147, 149-50, 384 P.3d 1019 (2016) (quoted in *Brook*, 309 Kan. at 783). Carpenter's argument relies on an interplay among several subsections of K.S.A. 22-3717(d)(1). The relevant 2007 statutory language is as follows:

"(d)(1) Persons sentenced for crimes, other than off-grid crimes, committed on or after July 1, 1993, or persons subject to subparagraph (G), will not be eligible for parole, but will be released to a mandatory period of postrelease supervision *upon completion of the prison portion of their sentence* as follows:

"(A) Except as provided in subparagraphs (D) and (E), persons sentenced for nondrug severity level 1 through 4 crimes and drug severity levels 1 and 2 crimes *must serve 36 months*, plus the amount of good time and program credit earned and retained pursuant to K.S.A. 21-4722, and amendments thereto, *on postrelease supervision*.

. . . .

"(D)(i) The sentencing judge shall impose the postrelease supervision period provided in subparagraph (d)(1)(A), (d)(1)(B) or (d)(1)(C), unless the judge finds substantial and compelling reasons to

5

impose a departure based upon a finding that the current crime of conviction was sexually motivated. In that event, departure may be imposed to extend the postrelease supervision to a period of up to 60 months.

. . . .

"(G) Except as provided in subsection (u), persons convicted of a sexually violent crime committed on or after July 1, 2006, and *who are released from prison*, shall be released to a *mandatory period of postrelease supervision for the duration of the person's natural life*." (Emphases added.)

We begin our analysis by observing that in his brief, Carpenter overreads a 2009 decision where we reviewed subsection (d)(1)(A) and (G). Among other things, he argues:

"'Paragraph (G) applies to persons who are released from prison. In [*State v.*] *Ballard*, [289 Kan. 1000, 1003, 218 P.3d 432 (2009)], the sentencing court imposed a prison sentence and knew the defendant was going to prison. Here, the Defendant was granted probation. So, at the time of sentencing, the Defendant was not subject to subparagraph (G) as he was not, at that time, going to 'be released from prison.'"

But the *Ballard* court did not base its determination of defendant's lifetime postrelease supervision on subsection (G)'s application strictly to persons who are sentenced to and then released from prison. Rather, "[B]y Ballard's own admission, 22-3717(d)(1)(G) clearly *does* apply to him. Consistent with that statute, he was 'convicted of a sexually violent crime committed on or . . . after July 1, 2006.' . . . *Therefore*,

6

pursuant to subsection (G), he is subject to mandatory lifetime postrelease supervision." (Emphasis added.) *State v. Ballard*, 289 Kan. 1000, 1012, 218 P.3d 432 (2009).

We further observe the plain language of K.S.A. 22-3717(d)(1) specifically excludes persons subject to subsection (G) from the mandatory (and limited) periods of postrelease supervision set forth in subsections such as (A). Finally, subsection "(G) expressly addresses the postrelease supervision term to be imposed upon sexually violent offenders." *State v. Baber*, 44 Kan. App. 2d 748, 753, 240 P.3d 980 (2010), *rev. denied* 296 Kan. 1131 (2013). In sum, per the *Baber* court, (G) is more specific than (A) and the "law is clear that a specific provision within a statute controls over a more general provision within the statute." 44 Kan. App. 2d at 753. Thus, when "a defendant is subject to K.S.A. 22-3717(d)(1)(G), he or she is to be sentenced under that subsection. Any other sentence imposed is illegal." 44 Kan. App. 2d at 754.

Carpenter then moves from the 2007 version of K.S.A. 22-3717 to its 2013 amendments. He claims this latter version simply "clarifies the prior meaning of the statutory language." He argues that because the 2013 amendments changed subsection (D), there must have been ambiguity in 22-3717(d)(1). As mentioned, 22-3717(d)(1)(D)(i) originally read in 2007:

> "(D)(i) The sentencing judge shall impose the postrelease supervision period provided in subparagraph (d)(1)(A), (d)(1)(B) or (d)(1)(C), unless the judge finds substantial and compelling reasons to impose a departure based upon a finding that the current crime of conviction was sexually motivated. In that event, departure may be imposed to extend the postrelease supervision to a period of up to 60 months."

7

But after the 2013 amendments, (d)(1)(D) read:

"(D) Persons sentenced to a term of imprisonment that includes a *sentence for a sexually violent crime* as defined in K.S.A. 22-3717, and amendments thereto, a sexually motivated crime in which the offender has been ordered to register pursuant to subsection (d)(1)(D)(vii) of K.S.A. 22-3717, and amendments thereto, electronic solicitation, K.S.A. 21-3523, prior to its repeal, or K.S.A. 2013 Supp. 21-5509, and amendments thereto, or unlawful sexual relations, K.S.A. 21-3520, prior to its repeal, or K.S.A. 2013 Supp. 21-5512, and amendments thereto, *shall serve the period of postrelease supervision as provided in subsections (d)(1)(A)*, (d)(1)(B) or (d)(1)(C) plus the amount of good time and program credit earned and retained pursuant to K.S.A. 21-4722, prior to its repeal, or K.S.A. 2013 Supp. 21-6821, and amendments thereto, on postrelease supervision." (Emphases added.) K.S.A. 2013 Supp. 22-3717.

Carpenter argues that because the 2013 amendment to (D) points to the limited period of postrelease supervision set out in (A), then (G)'s lifetime postrelease supervision is at odds with both (A) and (D). The *Baber* court essentially rejected his argument regarding (A) and (G), however. And we explained in *Brook* that amended subsection (D) and the original (G) are reconcilable. There we approvingly quoted *Herrmann*, 53 Kan. App. 2d at 153:

"'Herrmann asserts K.S.A. 2015 Supp. 22-3717(d)(1) is ambiguous because the provisions of subparagraphs (D) and (G) directly conflict with each other on the proper term of postrelease supervision to impose:  one provides for a term of months based on severity level of the sexually violent crime and the other requires a lifetime term. Herrmann argues that the rule of lenity should resolve the ambiguity in his favor by imposing the lesser of the two postrelease supervision terms. We disagree. The provisions in each subparagraph apply to a distinct class of persons. K.S.A. 22-3717 as a whole

8

applies to all persons convicted of a crime after July 1, 1993. See L. 1992, ch. 239, sec. 270 ("Persons sentenced for crimes committed on or after July 1, 1993, will not be eligible for parole, but will be released to a mandatory period of postrelease supervision upon completion of the prison portion of their sentence."). Subparagraph (G) was added to the statute in 2006 to create an explicit exception applicable only for "persons convicted of a sexually violent crime committed on or after July 1, 2006." See L. 2006, ch. 212, sec. 19 (also adding language to [d][1] excepting "persons subject to subparagraph [G]"). *Reading subparagraph (D) in pari materia, it falls under subsection (d)(1) and so applies to all persons but those expressly excluded:* persons sentenced for off-grid crimes committed on or after July 1, 1993, and *persons committing a sexually violent crime on or after July 1, 2006, as stated in subparagraph (G). Therefore, subparagraph (D) only applies to persons convicted of a sexually violent crime after July 1, 1993, but before July 1, 2006. Thus, there are no persons convicted of a sexually violent crime to whom both subparagraph (D) and subparagraph (G) apply. Construing the statute as a whole and giving effect to all of the statutes, as this court must, there is no conflict or ambiguity in amended subsection (d)(1).*'" (Emphasis added.) *Brook*, 309 Kan. at 785.

In addition to holding "there is no conflict or ambiguity" within amended subsection (d)(1), we also ruled the earlier version had contained no conflict or ambiguity.

"'The legislative history of the 2013 amendments confirms that the new language in subparagraph (D) was not intended to create a conflict with subparagraph (G). Instead, the changes were actually meant to *maintain* the same term of postrelease supervision for certain offenders, including persons who committed a sexually violent offense between July 1, 1993, and June 30, 2006, despite change to reduce postrelease supervision generally. . . . *In a nutshell, the postrelease supervision calculation for persons convicted of a sexually violent crime between July 1, 1993, and June 30, 2006, remained the same*

9

*as it was prior to the 2013 amendments*.'" (Emphasis added.) *Brook*, 309 Kan. at 785-86 (quoting *Herrmann*, 53 Kan. App. 2d at 153-54).

In sum, the date of the sexually violent offense is the controlling factor, with (G) applying to persons who, like Carpenter, committed sexually violent crimes on or after July 1, 2006. *Brook*, 309 Kan. at 786. Like the *Carpenter* panel, we therefore reject his latest argument—a distinction of postrelease supervision for persons who are sent to prison versus those who are granted probation—as inconsistent with the plain language of the statute and our prior caselaw. *Carpenter*, 2017 WL 3001025, at *3 ("Through these amendments, the legislature did not intend to draw a distinction between persons sentenced directly to prison and persons granted probation.").

*Conclusion*

For determining length of postrelease supervision, the Legislature clearly has distinguished between the categories of sexually violent offenses in K.S.A. 22-3717(d)(1)(D) and (G) based on the date of their commission, not by sentences of probation versus prison. See *Steffes v. City of Lawrence*, 284 Kan. 380, Syl. ¶ 2, 160 P.3d 843 (2007) ("The fundamental rule to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained."). Due to the nature and timing of his offenses, Carpenter is subject to lifetime postrelease supervision under 22-3717(d)(1)(G).

We affirm the district court and the Court of Appeals.

10

PATRICK D. MCANANY, Senior Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:**  Senior Judge McAnany was appointed to hear case No. 115,713 under the authority vested in the Supreme Court by K.S.A. 20-2616 to fill the vacancy on the court created by the retirement of Justice Johnson.