NOT DESIGNATED FOR PUBLICATION

No. 126,904

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ISRAEL FELICIANO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed November 1, 2024. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before COBLE, P.J., GARDNER, J., and CARL FOLSOM III, District Judge, assigned.

PER CURIAM: Israel Feliciano appeals the district court's denial of his pro se motion to correct an illegal sentence. He argues that the term of lifetime postrelease supervision violates his federal constitutional right to a jury trial. Feliciano proceeds by motion for summary disposition under Kansas Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). After carefully reviewing the record, we affirm.

Feliciano originally pleaded no contest to one count of aggravated indecent solicitation of a child and one count of aggravated endangerment of a child in consolidated cases. According to the journal entry of judgment, the date of the offense for the aggravated indecent solicitation of a child was between August 12, 2013, and May

1

22, 2014. The district court sentenced Feliciano to a controlling term of 38 months' incarceration, followed by lifetime postrelease supervision. The lifetime postrelease supervision was required by K.S.A. 2013 Supp. 22-3717(d)(1)(G) for Feliciano's conviction of a sexually violent crime. And at the time of Feliciano's offense, the applicable sentencing statute did not require that the offender be over 18 years of age to receive lifetime postrelease supervision. K.S.A. 2013 Supp. 22-3717(d)(1)(G); *State v. Carpenter*, 310 Kan. 945, 947, 453 P.3d 865 (2019) (holding that, generally, the crime and penalty in existence at the time of the offense are controlling).

In 2017, the Legislature amended K.S.A. 22-3717(d)(1)(G) to require that the offender be over 18 years of age at the time of the sexually violent crime for imposition of lifetime postrelease supervision. L. 2017, ch. 62, § 10; K.S.A. 2017 Supp. 22-3717(d)(1)(G)(i). Under the new rule, if the offender was under 18 years of age at the time of the offense, the maximum term of postrelease supervision to be imposed upon conviction of a sexually violent crime was 60 months. K.S.A. 2017 Supp. 22-3717(d)(1)(G)(ii).

In his prior direct appeal, Feliciano challenged his sentence, arguing the term of lifetime postrelease supervision violated section 9 of the Kansas Constitution Bill of Rights and the Eighth Amendment to the United States Constitution. This court affirmed the district court's imposition of lifetime postrelease supervision, holding that Feliciano's appeal failed for lack of preservation and that his categorical challenges failed on the merits under well-settled Kansas law. *State v. Feliciano*, No. 116,064, 2017 WL 3444521, at *1 (Kan. App. 2017) (unpublished opinion).

On August 4, 2023, Feliciano filed in the district court a pro se motion to correct an illegal sentence—the subject of this appeal. Feliciano argued in part that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), because the lifetime term of postrelease supervision was based on findings made

2

by the judge, not a jury, as to his age at the time of the offense. The State filed a response to Feliciano's pro se motion, arguing in part that the district court was required to deny relief because a constitutional claim could not be raised in a motion to correct an illegal sentence under K.S.A. 22-3504. The district court agreed and denied Feliciano's motion. Feliciano now appeals.

This court granted Feliciano's motion to proceed under summary disposition pursuant to Rule 7.041A. This panel later ordered the parties to either confirm their intent to proceed under summary disposition or file supplemental briefing based on the recent opinion in *State v. Nunez*, 319 Kan. 351, 554 P.3d 656 (2024) (holding that a sentencing fact that enhances postrelease supervision to lifetime based on defendant's age must be proven to a jury under *Apprendi*). Feliciano confirmed his intent to proceed under summary disposition. The State filed supplemental briefing.

Feliciano asks this court to hold that his sentence of lifetime postrelease supervision is unconstitutional and thus an illegal sentence under K.S.A. 22-3504. "Whether a sentence is illegal within the statutory meaning is a question of law over which appellate courts have unlimited review." *State v. Donahue*, 309 Kan. 265, 267, 434 P.3d 230 (2019). An "illegal sentence" under K.S.A. 22-3504 may be corrected at any time—but the definition of an illegal sentence for the purposes of K.S.A. 22-3504 is "'narrowly and specifically defined.'" 309 Kan. at 267. A sentence is illegal if it (1) is imposed by a court without jurisdiction; (2) does not conform to the applicable statutory provision, either in character or punishment; or (3) is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced. K.S.A. 22-3504(c)(1).

The Kansas Supreme Court has "repeatedly held a motion to correct an illegal sentence under [K.S.A. 22-3504] cannot raise claims that the sentence violates a constitutional provision." 309 Kan. at 267. Feliciano does not challenge the application of

*Donahue* to this case—but instead argues that it was wrongly decided. This court, however, is duty-bound to follow Kansas Supreme Court precedent unless there is some indication that the Supreme Court is departing from its previous position. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022). Because Feliciano raises a constitutional claim—which cannot be litigated as an illegal sentence under K.S.A. 22-3504—we must reject his claim.

Moreover, even if we were to consider Feliciano's claim on the merits, his argument would fail. The statute that controlled Feliciano's sentence, K.S.A. 2013 Supp. 22-3717(d)(1)(G), did not require the sentencing judge to make additional findings of fact regarding Feliciano's age. Thus, the district court's imposition of lifetime postrelease supervision without any additional fact-finding was appropriate. See *Carpenter*, 310 Kan. at 947 (generally, the crime and penalty in existence at the time of the offense are controlling). Accordingly, the district court did not err in denying Feliciano's motion to correct an illegal sentence.

Affirmed.

4